WILLIAM L. LOVELACE, ET AL.

V.

KIMBERLEY E. LOVELACE, ADMINISTRATRIX, ETC., ET AL.

Record No. 861066

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Jonathan L. Hauser (Lyle, Siegel, Drescher & Croshaw, P.C.,* on brief), for appellants.
*Robert W. Hardy (H. Hunter Clarke; W. Robert Turner, III; Claude Michael Scialdone; Knight, Dudley, Pincus, Dezern and Clarke*, on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

In this case of first impression in the Commonwealth, we are called upon to decide the narrow issue whether statutory beneficiaries in a wrongful death action have standing to object to the reasonableness of attorney's fees awarded by the trial court. The trial court ruled that the beneficiaries lacked standing. We disagree.

On July 3, 1981, Robert Louis Lovelace died of injuries sustained the previous day in an automobile accident. His widow, Kimberley E. Lovelace, qualified as the administratrix of his estate. She retained counsel and filed suit against the manufacturer and supplier of the truck her husband was driving at the time he was injured.

The defendants offered to settle for $475,000. Kimberley, pursuant to Code § 8.01-55, petitioned the trial court, wherein the action had been brought, to approve the settlement. In her petition, Kimberley stated that the decedent's only beneficiaries were herself and the decedent's parents, William L. Lovelace and Nancy J. Lovelace. Kimberley requested that the trial court convene the parties in interest, approve the settlement, order payment of the settlement sum in accordance with the provisions of the Code of Virginia, and order the proper distribution of the money among the beneficiaries.

William and Nancy filed an answer to the petition. They agreed with the amount of the settlement but advised the trial court that they disagreed with attorney's fees that would be sought by counsel. They wrote as follows on that point:

Counsel for Kimberley E. Lovelace, Administratrix of the Estate of Robert Louis Lovelace, deceased have advised that they shall seek an attorney's fee of forty-five percent (45%) of the amount recovered, or Two Hundred Thirteen Thousand Seven Hundred Fifty Dollars ($213,750.00). Objection is hereby made to the reasonableness of the aforesaid fee and request is hereby made for discovery regarding the facts and circumstances underlying the request for such fees and for a plenary hearing regarding this request.

William and Nancy also stated that they could not agree with Kimberley concerning the distribution among them of the settlement proceeds.

The trial court denied the Lovelaces' discovery request concerning attorney's fees. With regard to the question of William and Nancy's right to challenge the attorney's fees, the trial court made the following remarks from the bench in a hearing on the matter of standing:

[T]he law gives the personal representative the right to contract for services and to compromise this action, and having read this statute [Code § 8.01-55] over many times, looked at the few cases on point, I don't see where any beneficiary has a right within the context of the wrongful death action itself to question the actions of the personal representative.

. . . .

I can't find the authority for this Court to and for standing upon the Lovelaces', challenge these attorney's fees, since the attorney's fees have been recommended to the Court by Kimberley Lovelace, who is the administratrix of the estate, to whom the law has given the authority to press this action.

On July 25, 1986, the trial court entered an order awarding attorney's fees in the amount of $142,500 to the law firm of Harlan, Knight, Dudley & Pincus and of $71,250 to Claude M. Scialdone, Esquire. Significantly, that order, when presented to the trial court contained this recitation: "FOR GOOD CAUSE SHOWN . . . *and after a finding that such contract and agreement provided for a reasonable attorney fee.*" (Emphasis added.) The emphasized language was marked through and stricken from the order. As a result, the order in which attorney's fees were

awarded does not recite that the trial court found those fees reasonable.

William and Nancy argue that it is clear, as a matter of statute in the Commonwealth, that beneficiaries have standing to challenge the reasonableness of attorney's fees in a wrongful death case.* They point first to Code § 8.01-55 which sets forth the procedures for securing court approval of settlements in wrongful death cases. That provision gives the personal representative power to "compromise any claim to damages arising under or by virtue of [death by wrongful act], with the approval of the court wherein any such action has been brought." The personal representative is permitted to petition the court for approval, "stating the compromise, the terms thereof, and the reasons therefor, and *convening the parties in interest* in person or by their authorized representative." *Id.* (emphasis added).

William and Nancy submit that the General Assembly's requirement that the parties in interest be convened must be for some purpose. They contend the purpose is to permit the interested parties to voice their approval or disapproval of the proposed compromise, in any or all particulars.

On brief, Kimberley contended that the requirement that the parties in interest be convened is solely so that those parties can agree "to the compromise negotiated by the personal representative and requesting the assistance of the Court, if necessary, in distributing the proceeds." In oral argument, a similar theme was pursued. There, Kimberley's counsel stated that the parties are convened so the trial court can decide how the settlement funds are to be divided among the beneficiaries, because, Kimberley argued, this is the trial court's function under Code § 8.01-55.

Kimberley's approach is flawed for at least two reasons. First, it renders the parties in interest mere rubber stamps upon a *fait accompli*. It makes meaningless the requirement that the parties in interest be convened. Second, the statute requires that the parties

---

* Kimberley argues on brief that William and Nancy have waived their right to appeal this issue by settling with her concerning the appropriate distribution among the three statutory beneficiaries. We reject this argument because in the order confirming that settlement, William and Nancy specifically reserved their rights on this issue: "The endorsement of this Order by William L. Lovelace and Nancy J. Lovelace and their counsel shall not constitute a waiver of their previous objection to attorneys' fees awarded by this Court, which objection is specifically hereby reserved by them and which continuing objection is noted by the Court."

be convened for purposes of approving the compromise. Only after the basic approval does the statute direct the court to concern itself with questions of distribution. Thus, the argument that the parties in interest are convened merely so the trial court can determine distribution is an argument that puts the "cart before the horse."

■ We agree with William and Nancy that the legislature meant for the parties to be heard once they were convened. Thus, in our opinion, Code § 8.01-55 provides a general grant of standing to the parties in interest to be heard in the proceeding to approve a compromise.

But this case goes further; the question here is not simply of general standing, but specifically of standing to question attorney's fees. Kimberley argues that, as personal representative, she had the power to contract as to attorney's fees and that, once she contracted, neither the beneficiaries nor perhaps even the court could complain. On brief, she states that the statute appears to give the trial court authority to inquire into the reasonableness of attorney's fees, but that beneficiaries have no such authority. However, in oral argument, she suggests that reasonable fees are mentioned only in Code § 8.01-54(c) and thus, in a proceeding under Code § 8.01-55, they are not a proper concern of anyone. Nevertheless, Kimberley concedes an inherent right on the part of a court to insure the reasonableness of attorney's fees.

William and Nancy argue that, as a matter of statute, the question of the reasonableness of attorney's fees exists in the settlement of any wrongful death case. They rely on the last sentence of Code § 8.01-55, the provision which concerns compromise of wrongful death claims. That provision reads as follows: "In other respects what is received by the personal representative under the compromise shall be treated as if recovered by him in an action under [Code § 8.01-52]."

■ Code § 8.01-54 applies to recoveries in actions brought pursuant to Code § 8.01-52; it provides in pertinent part, in Subsection C, as follows: "The amount recovered in any such action shall be paid to the personal representative who shall first pay the costs and *reasonable attorney's fees* and then distribute the amount specifically allocated to the payment of hospital, medical, and funeral expenses." (Emphasis added.) Reading Code §§ 8.01-55, -52, and -54 together, we conclude that the legislature intended the issue of the reasonableness of attorney's fees to be an

issue in the settlement of any wrongful death case. Thus, the trial court erred in stating that it had no authority to question attorney's fees.

■ Directing our attention once again to the precise issue before the Court, we hold that the statutory beneficiaries in a wrongful death case have standing to challenge the reasonableness of attorney's fees. Therefore, we will reverse the judgment of the trial court concerning attorney's fees and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*